IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LYNN ANN MAROOK,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | 08-32 EJM<br><br>ORDER |

This matter is before the court on resisted cross-motions for partial summary judgment filed by defendant State Farm Mutual Automobile Insurance Company (State Farm) on June 23, 2009, and by plaintiff Marook on June 30, 2009. Briefing concluded on July 24, 2009. Defendant's motion granted, plaintiff's motion denied.

Following defendant's denial of plaintiff's claim for insurance coverage after an auto accident, plaintiff filed this action against defendant in the Iowa District Court for Linn County on February 25, 2008. On April 7, 2008, defendant removed the matter to this court pursuant to 28 USC §1441. Plaintiff is an Iowa citizen, defendant is an Illinois corporation with its principal place of business in Illinois, and the amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

Plaintiff brings this action in five counts: Count 1 - Breach of Contract, Count 2 - Promissory Estoppel, Count 3 - Unjust Enrichment, Count 4 - Reasonable Expectations, and Count 5 - Bad Faith.

Defendant seeks partial summary judgment on plaintiff's bad faith claim. In support, defendant asserts that plaintiff knowingly canceled her insurance prior to the accident, and that only after the accident did she pay the premium.

Plaintiff, in its cross motion, seeks summary judgment on Count 1, the breach of contract claim, asserting that defendant accepted the overdue premium, waived any policy defenses by its conduct and statements, and breached the contract by refusing to pay for the damages arising out of the accident. Plaintiff further seeks summary judgment on Count 5, the bad faith claim, asserting that defendant lacked a reasonable basis for denying the claim, and that defendant knew or should have known that the basis for denial was unreasonable.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of

material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)). Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

It appears undisputed that plaintiff purchased auto insurance through defendant, and on August 18, 2007, her policy was renewed for a six-month term, with monthly payments to be automatically withdrawn from her bank account on the 23rd day of each month. On August 16, due to her financial difficulties, plaintiff directed defendant not to withdraw further premium payments, and therefore plaintiff did not make the August 23, 2007 payment. Defendant notified plaintiff that her policy would be canceled on September 12, 2007, for nonpayment of premium. On September 20, 2007, plaintiff was involved in an auto accident which was her fault. After communications with defendant's agent, later that day plaintiff made a premium payment and sought reinstatement. Defendant did not make the representation that the accident would be covered, even if the policy was reinstated. On October 3, 2007, defendant sent a "reinstatement notice" to plaintiff, advising that her policy was reinstated effective September 20, 2007, 12:01 a.m. (the accident occurred at approximately 10:30 a.m., later that day). Defendant subsequently determined that it erred in establishing that reinstatement date, that the reinstatement date should have been September 21, 2007, and therefore that there was no coverage at the time of the accident.

3

To establish a bad faith claim, plaintiff must show that defendant had no reasonable basis for denying her claim, and that defendant knew its denial was without reasonable basis. Bellville v. Farm Bureau Mutual Ins. Co., 702 NW 2d 468, 473 (Iowa 2005). The first requirement is objective, the second is subjective. A reasonable basis for denial exists if the claim is "fairly debatable either on a matter of fact or law." Id. Defendant asserts that in light of the undisputed facts that plaintiff canceled her premium payment, that it sent plaintiff a cancellation notice with an effective date of September 12, 2007, and that plaintiff failed to pay the premium until after her automobile accident on September 20, 2007, it had an objectively reasonable basis for denying plaintiff's claim.

In light of the foregoing undisputed facts including plaintiff's failure to make premium payments leading to the cancellation of her policy until the events following her accident, it is the court's view that defendant had an objectively reasonable basis for denying plaintiff's claim within the meaning of the applicable law, and therefore defendant's motion for partial summary judgment on plaintiff's bad faith claim shall be granted, and plaintiff's motion for partial summary judgment thereon shall be denied.

As to plaintiff's motion for partial summary judgment on Count 1, on this record it is the court's view that there exist disputed issues of fact precluding the entry of summary judgment.

It is therefore

ORDERED

1. Defendant's motion for summary judgment on Count 5 granted.

2. Plaintiff's motion denied.

March 18, 2010.

                                                 Edward J. McManus, Judge
                                                 UNITED STATES DISTRICT COURT